IN THE UNITED STATES DISTRICT OF TEXAS
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:17-CR-151 |
| | § | |
| MOHAMMED IBRAHIM AHMED | § | |

### DEFENDANT'S MOTION IN LIMINE

Defendant **MOHAMMED IBRAHIM AHMED**, by and through his attorney of record, Gerardo S. Montalvo files this opposed motion in limine to prohibit the government from presenting any evidence concerning his criminal record, any criminal convictions, and, or alleged criminal activity.

### I.

Mr. Ahmed is charged in a multi-count indictment with Material Support or Resources to Designated Foreign Terrorist Organization and False Statements involving International Terrorism, in violation of Title 18, United States Code, Sections 2339B(a)(1) and 1001. Additionally, he is charged with solicitation to commit a crime of violence, namely murder, in violation of Title 18, United States Code, Section 373(a).

**II.**

Defendant respectfully requests that the government nor its witnesses be allowed to mention, directly or indirectly, any prior arrest, convictions or alleged criminal activity.

**III.**

Mr. Ahmed submits that the prejudice to him of admitting any prior arrest, conviction, alleged criminal activity or pending charges substantially outweighs its limited probative value. These matters have no bearing, on the credibility of an individual's testimony. On the other hand, the jury might all too easily give improper consideration to it and assume that Mr. Ahmed is guilty of the charges in the indictment merely because he has these possible prior arrests convictions and or alleged criminal activity.

**IV.**

The Defendant thus submits that his prior arrests and alleged violations are not admissible under Rule 404 of the Federal Rules of Evidence. Rule 404(a) prohibits proof of a defendant's character as evidence that he acted in conformity therewith. Similarly, Rule 404(b) prohibits evidence of other crimes as evidence that he acted in conformity with such crimes. Therefore, the arrests and alleged violations are not admissible under 404(b).

## V.

Before admitting evidence under Rule 404(b), the Court must determine whether the probative value of such evidence is substantially outweighed by the potential for unfair prejudice, pursuant to Rule 403 of the Federal Rules of Evidence. *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496 (1988). This determination must be made on the record. *United States v. Zabaneh*, 837 F.2d 1249 (5th Cir. 1988); *United States v. Robinson*, 700 F.2d 205 (5th Cir. 1983).

Defendant further represents that the probative impeachment value of admitting these matters does not outweigh the prejudicial effect their admission will cause. Fed. R. Evid. 609(a).

WHEREFORE PREMISES CONSIDERED, defendant respectfully requests this Court prohibit the government, directly or indirectly, through argument or witness testimony, from presenting any evidence of Mr. Ahmed's prior arrests, convictions and or alleged criminal activity and violations.

Respectfully Submitted,

By: <u>/s/ Gerardo S. Montalvo</u>
**GERARDO S. MONTALVO**
State Bar of Texas No:   24039066
**The Montalvo Law Firm, PLLC**
Park Central Plaza
1111 North Loop West, Suite 820
Houston, Texas 77008
(713) 526-5002 Telephone
(713) 526-5018 Facsimile
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

My my signature below, I do hereby certify that I have conferred with Assistant United States Attorney Chris Tortorice and he is **opposed.**

      /s/ Gerardo S. Montalvo
**GERARDO S. MONTALVO**

## CERTIFICATE OF SERVICE

By my signature below, I do hereby certify that a true and correct copy of the above and foregoing instrument was served on all known filing users by electronic mail via ECF/NEF and via electronic transmission, and/or U.S. First Class Mail and/or hand delivery to all counsel of record on February 11, 2019.

      /s/ Gerardo S. Montalvo
**GERARDO S. MONTALVO**